PEOPLE, Respondent, v CARLOS PAZ, Appellant.—

On October 18, 1989, appellant perfected this appeal from a judgment of conviction in a criminal case when he filed the stipulated record and the appeal was placed on the calendar for argument during the term of court commencing January 8, 1990. On December 14, 1989, more than 30 days after appellant perfected his appeal, the District Attorney served and filed his briefs. Appellant moves to strike the District Attorney's briefs as untimely filed and served.

22 NYCRR 1000.5 (b) (3) provides that respondent shall file and serve copies of a brief "within 30 days of service of the appellant's or petitioner's brief." 22 NYCRR 1000.5 (g) provides that "[a]ppeals in criminal cases may be perfected and prosecuted in the same manner as appeals in civil cases, except as may otherwise be authorized by this Part or by court order." Section 1000.7 (c), relating to criminal appeals, provides that "[i]f appellant's brief is filed with proof of service thereof at least 50 days before a term commences, the case shall be placed on the term calendar, notwithstanding the absence of respondent's brief. No respondent's brief shall be accepted for filing after the 20-day deadline before that term, and the appeal shall be submitted by the respondent without oral argument, except by permission of the court."

In opposition to the motion to strike their brief, the People contend that the briefs were timely because they were served and filed more than 20 days before the commencement of the January Term as required by 22 NYCRR 1000.7 (c). We disagree. Section 1000.5 (b) (3) requires respondent's briefs to be filed within 30 days of appellant's briefs. Briefs filed and served beyond that time period are untimely. Section 1000.7 (c), which provides that no briefs in criminal cases shall be accepted for filing after the 20-day deadline before the term of court, except by permission, is a calendar rule and does not

extend the 30-day time limit provided by section 1000.5 (b) (3). Where, as here, the respondent's briefs are filed and served more than 30 days after the filing and service of the appellant's briefs but within the 20-day deadline before the term, the clerk will accept the briefs but the appellant may move to strike the respondent's briefs as untimely filed and served.

Although the People's briefs in this case were untimely served and filed, appellant has shown no prejudice. Appellant had the People's brief more than 25 days before the commencement of the term and does not contend that the late filing has hindered his preparation for oral argument of the appeal. In the exercise of our discretion, therefore, we deny appellant's motion to strike the People's briefs. Present—Dillon, P. J., Callahan, Doerr, Denman and Lowery, JJ.